RTP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M 11-1004**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

WILSON CABRERA,

        Defendant.

- - - - - - - - - - - - - - - - -X

PRE-ARRAIGNMENT
C O M P L A I N T
(21 U.S.C. §§ 952(a)
 and 960)

EASTERN DISTRICT OF NEW YORK, SS:

    JACK LEE, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, ("HSI"), duly appointed according to law and acting as such.

    Upon information and belief, on or about October 8, 2011, within the Eastern District of New York and elsewhere, the defendant WILSON CABRERA did knowingly, intentionally and unlawfully import into the United States from a place outside thereof cocaine, a Schedule II controlled substance.

    (Title 21, United States Code, Sections 952(a) and 960).

    The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

1. On October 8, 2011, the defendant WILSON CABRERA arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, aboard Jet Blue Flight No. 842 from Santo Domingo, Dominican Republic.

2. During an enforcement examination, a Customs and Border Protection Officer noticed that the defendant WILSON CABRERA appeared nervous. The officer noted that the defendant had a recently issued passport and that a friend of the defendant's had paid for the defendant's round-trip ticket on the day of the trip. In addition, the defendant, who had not been to the Dominican Republic in six years, stated that he went to visit family in the Dominican Republic but could not provide any phone numbers in the Dominican Republic. Further, the defendant stated that he lives with his father and brother in Bronx, New York, but stated that neither of them was aware that he would be arriving at JFK on October 8, 2011.

3. Defendant WILSON CABRERA was questioned some more about his travel and how his ticket was paid for. The defendant then admitted that he had swallowed approximately 80 pellets. The defendant was presented with an x-ray consent form, which he read, appeared to understand and voluntarily signed.

4. The defendant WILSON CABRERA was transported to the medical facility at JFK, where an x-ray was taken of

3

defendant's intestinal tract, which was positive for foreign bodies. On October 8, 2011, at approximately 6:35 a.m., the defendant passed 3 pellets, one of which field-tested positive for the presence of cocaine. The defendant was then placed under arrest.

5. Defendant WILSON CABRERA will be detained at the JFK medical facility until such time as he has passed all the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully requests that defendant WILSON CABRERA be dealt with according to law.

JACK LEE
Special Agent
HSI

Sworn to before me this
9th day of October, 2011

S/ Levy

THE HONORAB:
UNITED STAT:
EASTERN DIS'